United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DELIN DOMINIC-JHAREI COLE,<br><br>　　　　　Defendant. | Case No.: CR 09-0203-CW-8 (KAW)<br><br>ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |

On December 2, 2009, Defendant Delin Dominic-Jharei Cole was convicted of a violation of 21 U.S.C. § 843(b) (use of a communication facility to commit/ facilitate narcotics trafficking). He was sentenced to five years of probation.

The Form 12 presently before the Court alleges that Defendant violated the following conditions of his probation: that he reside at a Residential Reentry Center for up to two months; that he complete 20 hours per week of community service work; that he submit monthly supervision reports by the fifth day of the month; that he not violate any federal, state or local laws; that he not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to any controlled substance, except as prescribed by a physician; that he follow the instructions of his probation officer; that he participate in location monitoring; and that he not go to East Palo Alto without prior permission from the probation office.

At the July 22, 2013 hearing before this Court, Defendant, who was in custody and represented by attorney Deborah Levine, waived his right to proffer information at a detention hearing, while retaining his right to seek release at a later hearing should his circumstances change. Assistant United States Attorney Christina McCall appeared on behalf of the United States. Probation officer Pam Gupton was also present.

The Court hereby detains Defendant, but because he has waived his right to present information under 18 U.S.C. § 3143(a)(1) without prejudice to raising relevant information at a later hearing, the Court orders that the hearing may be reopened at Defendant's request at any future time.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: July 22, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge